**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>WILLIAM DIXON, <i>et al.</i>,</td><td>*</td><td></td></tr>
<tr><td>    Plaintiffs,</td><td>*</td><td></td></tr>
<tr><td>v.</td><td>*</td><td>Case No.: PWG-17-2447</td></tr>
<tr><td>THE DONALDSON GROUP, <i>et al.</i>,</td><td>*</td><td></td></tr>
<tr><td>    Defendants.</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
</table>

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION & ORDER

Plaintiffs William and Sierra Dixon filed suit in state court for "discrimination based on disability," misrepresentation, and "unsafe and uninhabitable premises." Compl., ECF No. 2. Plaintiffs filed an Amended Complaint in state court on August 21, 2017. Am. Compl., ECF No. 29.[1] Both the Complaint and the Amended Complaint alleged "discriminat[ion] . . . in violation of the Fair Housing Act," 42 U.S.C. § 3604, a federal statute. Compl. ¶ 9; Am. Compl. ¶ 10. On August 25, 2017, Defendants The Donaldson Group and the Glendale Apartments removed to this Court on the basis of federal question jurisdiction. Not. of Removal, ECF No. 1. Plaintiffs filed a Second Amended Complaint that removed the reference to the Fair Housing Act, along with a Motion to Remand.[2] Second Am. Compl. & Mot. to Rem., ECF No. 21.[3] The Second

---

[1] The Amended Complaint that appears on the docket is neither signed nor dated, but the state court issued a summons on August 21, 2017. Summons, ECF No. 29, at 6.

[2] The Motion to Remand begins on page 8 of ECF No. 21; I will refer to the electronic document pages for the Motion to Remand, as the parties fully briefed the motion. ECF Nos. 35, 38. A hearing is not necessary. *See* Loc. R. 105.6.

[3] Plaintiffs filed the Second Amended Complaint on November 3, 2017 before filing the Amended Complaint in this Court, even though they filed the Amended Complaint in state court

Amended Complaint includes counts for unlawful discrimination in housing under state law, fraudulent misrepresentation, and negligence. Because Plaintiffs had pleaded a claim pursuant to a federal statute prior to the time when this case was removed, this Court has supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(a). I find that Plaintiffs have amended their pleadings in an attempt to avoid this Court's jurisdiction and that other factors do not weigh in favor of remanding this case. As such, the Court will not decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). Therefore, Plaintiffs' Motion to Remand and request for costs and fees is denied.

## Discussion

Pursuant to 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." When a plaintiff files such an action in state court, the action "may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The propriety of the removal of a lawsuit from state to federal court is determined *as of the time of removal.*" *B.A. v. Prince George's Cty., Md.*, No. PJM 10-1674, 2010 WL 4225710, at *2 (D. Md. Oct. 26, 2010) (citing *Pullman Co. v. Jenkins,* 305 U.S. 534, 537 (1939)).

It is undisputed that, at the time of removal, Plaintiffs' pleading alleged a Fair Housing Act claim, which arises under federal law. Mot. to Rem. 11–12 ("Without the reference to the Fair Housing Act (42 U.S.C. § 3604) as a statutory basis for remedy, the action would not have

---

on August 21, 2017, and they erroneously titled the Second Amended Complaint "First Amended Complaint." Because Plaintiffs first filed the Amended Complaint in state court, I will refer to the pleading that they filed on November 3, 2017 as the Second Amended Complaint. The Second Amended Complaint appears on the docket as one filing along with the Motion to Remand. The Second Amended Complaint also appears separately as ECF No. 23.

contained a federal question nor been appropriate for removal."); Defs.' Opp'n 1.  Therefore, it was properly removed to this Court.  *See* 28 U.S.C. § 1441(a); *B.A.*, 2010 WL 4225710, at *2.

Now that Plaintiffs have amended to eliminate their Fair Housing Act claim, their claims all arise under state law.  When this Court has original jurisdiction, it also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Plaintiffs' discrimination claim under state law relies on the same facts alleged to support their discrimination claim under federal law.  *Compare* Am. Compl ¶¶ 8–16 *with* Second Am. Compl. ¶¶ 9–23.  Plaintiffs' misrepresentation claim stems from how, in Plaintiffs' view, Defendants handled their allegations of discrimination before the Maryland Commission on Civil Rights (MCCR) in settlement proceedings.  This also forms part of the same case or controversy.  And, Plaintiffs' negligence claim, in which they allege that marijuana use and the keeping of pit bull dogs were permitted by Defendants in the apartment complex, also stems from Defendants' management of the apartments where Plaintiffs lived and the deficiencies Plaintiffs perceived in that management.  Consequently, this Court has supplemental jurisdiction over Plaintiffs' state law claims.  28 U.S.C. § 1367(a).  Additionally, while the dismissal of the federal claim permits the Court to decline to exercise supplemental jurisdiction over the remaining state law claims, *see* 28 U.S.C. § 1367(c), the Court is not required to do so, as the Court continues to have jurisdiction.  *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007) ("[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."  (citing *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 346, 357 (1988); *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 293

(1938))); *see also B.A.*, 2010 WL 4225710, at *2 ("Accordingly, the mere fact of the filing of Plaintiff's Amended Complaint, which no longer contains federal claims, does not compel the Court to grant Plaintiff's Motion to Remand or otherwise relinquish its exercise of jurisdiction over the lawsuit.").  Therefore, at issue is whether this Court should remand the case, given that only state law claims remain, or retain jurisdiction, in light of what Defendants describe as "forum-manipulation concerns."  *See* Defs.' Opp'n 3 (quoting *Rockwell Int'l Corp.*, 549 U.S. at 474 n.6.

To determine whether to retain jurisdiction, the Court "balance[s] . . . the values of judicial economy, convenience, fairness, and comity," and these "*Cohill* factors" typically "point toward declining to exercise jurisdiction over the remaining state-law claims" at this early stage. *B.A.*, 2010 WL 4225710, at *2 (citing *Cohill,* 484 U.S. at 350 n.7).  But here, the *Cohill* factors do not weigh in favor of remanding this case.  In Count I, Plaintiffs allege a state law claim that—by their own admission—is analogous to their Fair Housing Act claim, a claim with which this Court is very familiar, and their other state law claims (fraudulent misrepresentation and negligence) are not novel claims where deference and comity would weigh significantly in favor of resolution in state court.  Additionally, the factors of judicial economy and convenience weigh against remand because this case has been proceeding before me for eight months and remanding this case would only prolong it.

As for forum manipulation, this factor weighs heavily in favor of keeping the case in this Court.

> A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case.  If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.

*Cohill*, 484 U.S. at 357. Having purposely pleaded a federal question claim (albeit in a state court lawsuit) which established original jurisdiction in this Court, Plaintiffs amended their complaint to plead a claim pursuant to "[t]he State analogue to the [Fair Housing Act], MD Code, State Government, § 20-1035[, which] provides the basis for the *same cause of action*, and forms the basis for Plaintiffs' First Amended Complaint." Mot. to Rem. 12 (emphasis added). As this amendment pleads the same cause of action and relies on the same facts, I must infer that Plaintiffs amended their complaint in an attempt to strip jurisdiction and force me to remand this case—a clear indication of forum manipulation. Further, Plaintiffs also removed a reference to "state and federal protected rights" in their "unsafe and uninhabitable premises" claim when they converted it to a negligence claim involving similar facts. *Compare* Am. Compl. ¶ 29 *with* Second Am. Compl. ¶¶ 34–44.

Having considered the balance of factors and finding that Plaintiffs appear to be engaging in forum manipulation, I will not decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). This Court has jurisdiction of these claims pursuant to § 1367(a), and this case will proceed. As I have found Defendants' removal of this case proper, awarding costs and fees to Plaintiffs would be improper and therefore that request is denied. *Flora v. Everest Wealth Mgmt., Inc.*, No. ELH-17-1621, 2017 WL 4280744, at *7 (D. Md. Sept. 26, 2017) (declining to award fees because "Defendants' removal of the case was 'objectively reasonable' and wholly proper") (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

## Conclusion

Accordingly, it is hereby ORDERED that Plaintiffs' Motion to Remand, ECF No. 21, IS DENIED. As Defendants already have answered Plaintiffs' Second Amended Complaint, ECF

No. 33, I will issue a Scheduling Order and Discovery Order and will schedule a Federal Rule of

Civil Procedure 16 telephone conference.


Dated: <u>May 11, 2018</u>                                    <u>          /S/          </u>
                                                            Paul W. Grimm
                                                            United States District Judge

jml